# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| BOE TECHNOLOGY GROUP CO., LTD. and CHENGDU BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG DISPLAY CO., LTD.,<br><br>        Defendant. | Civil Action No. 2:25-cv-00587<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs BOE Technology Group Co., Ltd. ("BOE Tech") and Chengdu BOE Optoelectronics Technology Co., Ltd. ("BOE Optoelectronics") (together, "BOE") submit the following Complaint against Defendant Samsung Display Co., Ltd. ("Samsung Display") for infringement of U.S. Patent Nos. 11,037,994 (the "'994 Patent"), 12,266,309 (the "'309 Patent"); 12,307,976 (the "'976 Patent"), and 11,695,017 (the "'017 Patent") (collectively, the "Asserted Patents"). BOE alleges as follows:

## NATURE OF THE ACTION

1.　　Founded in 1993, BOE is a global leader in the research, development, and manufacture of semiconductor displays and a technological pioneer in the field of organic light emitting diode ("OLED") displays.

2.　　BOE stands at the heart of innovation and development in the display industry, creating technologies and solutions that make ground-breaking applications and features possible. Every year, BOE invests billions on research and development to invent new technology. In 2024, for example, BOE invested CNY 13.20 billion (about USD 1.83 billion) in research and

development.    To protect its innovations, BOE has filed more than 100,000 patent applications—including 30,000 applications for flexible OLED technology—and has been awarded more than 90,000 patents worldwide.   In 2024, BOE received 1,870 United States patents, ranking 12th among all companies, and has been a top 10 Patent Cooperation Treaty (PCT) patent-applicant for nine consecutive years.    In 2024, for example, BOE filed 1,959 PCT patent applications, ranking sixth globally, and ranking within the top 10 for the ninth year running.   BOE has also been recognized for four consecutive years (2022–2025) as one of Clarivate's Top 100 Global Innovators, ranking 12th in 2025.   Further, in 2024, Yanshun Chen—Chairman of BOE—was awarded the prestigious David Sarnoff Industrial Achievement Award from the Society for Information Display for his profound and positive effect on the display industry.

3.    In short, BOE has invested heavily in research and development of its proprietary technological innovations and in the people who work hard to bring those inventions to light.    As discussed in more detail herein, Samsung Display is using, without authorization, BOE's innovations and inventions to market and sell its most ambitious product lines.

4.    For example, BOE has pioneered and developed numerous technologies and inventions that allow for the manufacture of thin, lightweight, and flexible screens that can be used in foldable electronics.   BOE has also developed inventions that allow phone manufacturers to place a camera *behind* a display screen and still take quality pictures, a technology BOE dubbed Full Display with Camera or "FDC."   Accordingly, phones incorporating BOE's technology will no longer need to include an unsightly hole in the screen to accommodate a front facing camera.

5.    Samsung Display was founded in 2012 and, in a 2024 investor presentation, claimed it was the number one supplier of displays for smartphones.   Samsung Display, however, has benefitted by incorporating innovations pioneered and developed by BOE into its products (the "Infringing OLED Displays").

6.      On information and belief, Samsung Display makes, imports, sells, and offers to sell and/or collaborates with its affiliates to operate as a unitary business venture to manufacture, import, offer to sell, and sell the Infringing OLED Displays for incorporation into various products, including mobile phones (the "Infringing Phones").   The Infringing Phones include, without limitation, the Samsung Galaxy Z Fold series phones (e.g., the Fold5 & Fold6). The Infringing Phones are sold in the United States, Texas, and this District.

7.      For example, on its website, Samsung Display touts that its displays are incorporated into Samsung's line of "Galaxy Fold" phones comprising flexible and foldable screens:



Samsung Display, https://www.samsungdisplay.com/eng/index.jsp (last visited May 13, 2025); *see also [SID 2023] Flex In & Out*, Samsung Display (May 24, 2023), https://www.samsungdisplay.com/eng/media/movie/detail/movie230524_1.jsp.

8.      As another example, on its website, Samsung Display contends "[f]oldable OLEDs are mostly produced by Samsung Display" and "[w]ith the release of the Galaxy Fold1, Samsung Display continues to challenge the industry norms …."   *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

9. Notably, Samsung markets its Galaxy Fold devices as the "biggest breakthrough since the mobile phone[.]" *Galaxy Fold*, Samsung, https://www.samsung.com/levant/smartphones/galaxy-fold/ (last visited May 9, 2025). Samsung further touts that the phone camera is placed behind the screen—a feature Samsung refers to as "Under Display Camera" or "UDC"—as a key selling feature. *A look at the Under Display Camera (UDC) on the Galaxy Z Fold4 and Fold5*, Samsung, https://www.samsung.com/uk/support/mobile-devices/a-look-at-the-under-display-camera-udc-on-the-galaxy-z-fold4-and-fold5/ (last visited May 8, 2025) ("Originally introduced with the Galaxy Z Fold3, the UDC (Under Display Camera) remains a unique feature of the Z Fold phone series.   It was included on the main display of the Galaxy Z Fold4 as well as the Z Fold5; and by keeping it hidden under the display, the UDC allows you to enjoy videos or games uninterrupted by holes or lenses.").

10. The purported "biggest breakthrough since the mobile phone," thus, is built on the hard work and innovations of BOE and its inventors.   But Samsung Display has never taken a license to use BOE's patents, nor has it ever paid a fair royalty to use those patents.

11. BOE, therefore, brings this civil action for patent infringement.

## <u>THE PARTIES</u>

12. BOE Tech is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at No. 12 Xihuanzhong, RD, BDA, Beijing, 100176, P.R. China.

13. BOE Optoelectronics is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at No. 1188 Cooperation RD, Hi-tech Zone (west area), Chengdu, Sichuan, 611731, P.R. China.

14.     Samsung Display is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 1, Samsung-ro, Giheung-gu, Yongin-si, Gyeonggi-do, 17113, Republic of Korea.

## JURISDICTION AND VENUE

15.     BOE brings this action under the patent laws of the United States.    35 U.S.C. §§ 1, *et seq.*    The Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     The Court has personal jurisdiction over Samsung Display.    Samsung Display has established minimum contacts with both the United States and Texas such that subjecting Samsung Display to personal jurisdiction in this District will not offend traditional notions of fair play and substantial justice.    Samsung Display has purposely availed itself of the laws and protections of the United States and Texas by knowingly supplying or contracting to supply displays for incorporation into products (such as the Infringing Phones) to be sold, offered for sale, imported, and/or used in the United States, Texas, and this District.    Samsung Display has also purposely availed itself of the laws and protections of the United States and Texas by filing multiple civil actions against BOE in April 2025 for purported patent infringement relating to OLED displays in this District in what appears to be an attempt to bully a smaller corporation.    *See Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00412 (E.D. Tex. Apr. 17, 2025); *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00426 (E.D. Tex. Apr. 21, 2025); *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00430 (E.D. Tex. Apr. 23, 2025).    Additionally, Samsung Display has targeted the United States and Texas by conducting regular business therein and has placed and continues to place its products into the stream of commerce through an established distribution channel with the expectation or knowledge its products will be purchased by consumers in the United States, Texas, and this District.    BOE's claims for patent infringement arise directly from or relate to this

activity.    In the alternative, personal jurisdiction over Samsung Display is proper under Fed. R. Civ. P. 4(k)(2).

17.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3), as Samsung Display is not a United States resident and, thus, may be sued in any judicial district.

## THE ASSERTED PATENTS

18.      The '994 Patent—titled "Display Panel and Method for Manufacturing the Same"—was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 15, 2021.    BOE Tech and BOE Optoelectronics are the assignees and holders of all rights, title, and interests in the '994 Patent, including without limitation all rights to sue for damages for infringement thereof.    A true and correct copy of the '994 Patent is attached as Exhibit 1.

19.      The '309 Patent—titled "Display Substrate and Driving Method Thereof, and Display Device"—was duly and legally issued by the USPTO on April 1, 2025.    BOE Tech is the assignee and holder of all rights, title, and interests in the '309 Patent, including without limitation all rights to sue for damages for infringement thereof.    A true and correct copy of the '309 Patent is attached as Exhibit 2.

20.      The '976 Patent—titled "Display Substrate and Driving Method Thereof, and Display Device"—was duly and legally issued by the USPTO on May 20, 2025.    BOE Tech is the assignee and holder of all rights, title, and interests in the '976 Patent, including without limitation all rights to sue for damages for infringement thereof.    A true and correct copy of the '976 Patent is attached as Exhibit 3.

21.      The '017 Patent—titled "Array Substrate, Display Panel, and Display Device"—was duly and legally issued by the USPTO on July 4, 2023.    BOE Tech is the assignee and holder of all rights, title, and interests in the '017 Patent, including without limitation all rights to sue for

damages for infringement thereof.   A true and correct copy of the '017 Patent is attached as Exhibit 4.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,037,994

22.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

23.    The '994 Patent relates to display panels and methods for manufacturing them.

24.    On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '994 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

25.    For example, on information and belief, Samsung Display, alone or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.   For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract[] customers for sales activities in domestic and overseas markets."   *See, e.g.,*   *Job    Description*,   Samsung    Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited May 14, 2025).   As another example, Samsung Display represents on its website that, in 2021, it produced 94% of the global market share of foldable OLEDs.   *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

26.    As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung

Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego, California.    *See    Global    Network*,    Samsung    Display, https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited May 14, 2025).

27.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '994 Patent, as detailed below.

28.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more of the claims of the '994 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

29.    Samsung Display's infringement is continuing.

30.    As one non-limiting example, the Samsung Galaxy Z Fold6 infringes claim 1 of the '994 Patent.    *See* Ex. 5.

a.    The Samsung Galaxy Z Fold6 contains a display panel.

b.    The display panel comprises a display area having a plurality of first pixel units and a plurality of first transparent portions, the first transparent portions being configured such that external light is transmitted through the first transparent portions from a first side of the display panel to a second side of the display panel, wherein at least two first pixel units are spaced apart by one or more first transparent portions.

c.    The display area comprises: an electrode layer that is non-transparent which extends in the plurality of first pixel units; an electrode layer lost region in an orthographic projection area of each of the plurality of first transparent portions; a light shielding layer on a light emitting side of the display panel; and a thin film encapsulation on the electrode layer.

d.  The light shielding layer is provided with a first light shielding layer lost region in the light shielding layer in an orthographic projection area of each of the plurality of first pixel units, and provided with a second light shielding layer lost region in the orthographic projection area of each of the plurality of first transparent portions, the second light shielding layer lost region having an orthographic projection on a base substrate at least partly overlapped with an orthographic projection of the electrode layer lost region on the base substrate, and a color filter layer which allows a light of corresponding color emitted by the first pixel units to pass is provided in the first light shielding layer lost region.

e.  The light shielding layer and the color filter layer are arranged above the thin film encapsulation.

31.  On information and belief, Samsung Display had knowledge of, or was willfully blind to, the '994 Patent and its infringement of that patent at least as early as the date this Complaint was filed and, in any event, no later than the date this Complaint was served. Accordingly, Samsung Display's direct and indirect infringement has been and continues to be willful.

32.  On information and belief, despite knowing of the '994 Patent, Samsung Display, alone or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '994 Patent.  In particular, on information and belief, Samsung Display had knowledge of, or was willfully blind to, the '994 Patent and its infringement of that patent at least as early as the date this Complaint was filed and, in any event, no later than the date this Complaint was served.  Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '994 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED

Displays.   The Infringing OLED Displays are specially designed to contain features that infringe the '994 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than those that infringe the '994 Patent.

33.    Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '994 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '994 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones).   The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in products that infringe the '994 Patent.   The Infringing OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least claim 1 of the '994 Patent.

34.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

35.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

36.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 12,266,309

37.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

38.    The '309 Patent relates to a display substrate, a driving method thereof, and a display device.

39.    On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture

to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the

'309 Patent by, without authority, making, using, offering to sell, and/or selling within the United

States and/or importing into the United States the Infringing OLED Displays for incorporation into

other products, including the Infringing Phones.

40.    For example, on information and belief, Samsung Display, alone and/or in

collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers

located in the United States.    For example, according to Samsung Display's website, Samsung

Display hires employees to "[a]ttract[] customers for sales activities in domestic and overseas

markets."    *See, e.g., Job Description*, Samsung Display,

https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited May 14, 2025).    As

a further example, Samsung Display represents on its website that, in 2021, it produced 94% of

the global market share of foldable OLEDs.    *Foldable Smartphone Market Expected to Surge:*

*100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26,

2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

41.    As another example, on information and belief, Samsung Display, alone and/or in

collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the

Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung

Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego,

California.    *See Global Network*, Samsung Display,

https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited May 14, 2025).

42.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display,

alone and/or in collaboration with its affiliates, has actively and knowingly induced others to

directly infringe one or more of the claims of the '309 Patent, as detailed below.

43.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display,

alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more

of the claims of the '309 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

44.    Samsung Display's infringement is continuing.

45.    As one non-limiting example, the Samsung Galaxy Z Fold6 infringes claim 1 of the '309 Patent.    *See* Ex. 6.

a.    The Samsung Galaxy Z Fold6 is a full-screen display device, comprising:

b.    a display substrate having a light emitting side and comprising:

i.    a first display sub-region comprising a first pixel unit and a second pixel unit, wherein the first pixel unit comprises a first sub-pixel and a second sub-pixel, and the second pixel unit comprises a second sub-pixel and a third sub-pixel; and

ii.    a second display sub-region comprising a repeating unit comprising a third pixel unit and a first transparent pixel, wherein the third pixel unit comprises a first sub-pixel, a second sub-pixel, and a third sub-pixel, and wherein the first transparent pixel is not provided with a light emitting functional layer and allows ambient light to transmit; and

c.    an under-screen camera attached onto a side of the display substrate opposite to the light emitting side and configured to receive ambient light passing through the second display sub-region for imaging, wherein an orthographic projection of the under-screen camera on the display substrate falls within the second display sub-region and has an overlap with the first transparent pixel,

d.    wherein the first transparent pixel is configured such that a pixel density of the second display sub-region is smaller than that of the first display sub-region, and a light transmittance of ambient light of the second display sub-region is greater than that of the first display sub-region,

e.      wherein an area of the first transparent pixel is greater than or equal to a sum of areas of the first sub-pixel, the second sub-pixel, and the third sub-pixel in the third pixel unit,

f.      wherein the first pixel unit and the second pixel unit disposed adjacently in the first display sub-region constitutes a first repeating unit, and the first repeating unit is configured to be driven in a sub-pixel borrowing manner,

g.      the third pixel unit and the first transparent pixel disposed adjacently in the second display sub-region constitutes a second repeating unit, and the second repeating unit is configured to be driven in a manner in which no sub-pixel is borrowed,

h.      the first sub-pixel, the second sub-pixel, and the third sub-pixel in the third pixel unit have substantially the same first shape, and the first sub-pixel, the second sub-pixel, and the third sub-pixel in the first pixel unit and the second pixel unit have substantially the same second shape, and

i.      the first shape is different from the second shape.

46.     On information and belief, despite knowing of the '309 Patent, Samsung Display, alone and/or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '309 Patent.   In particular, Samsung Display had knowledge of the '309 Patent since at least April 1, 2025, when the '309 Patent issued, as Samsung Display had knowledge of patent applications and patents to which the '309 Patent claims priority, including CN 201810639832.6 and other related patents, including U.S. Patent Application No. 16/616,522 which matured into U.S. Pat. No. 11,315,469, since at least July 7, 2022; Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '309 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products

containing the Infringing OLED Displays.    The Infringing OLED Displays are specially designed to contain features that infringe the '309 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than ones that infringe the '309 Patent.

47.    Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '309 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '309 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones).    The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in devices that infringe the '309 Patent.    The Infringing OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least claim 1 of the '309 Patent.

48.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

49.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

50.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 12,307,976

51.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

52.    The '976 Patent relates to a display substrate, a driving method thereof, and a display device.

53.    On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to

directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '976 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

54.     For example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.   For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract[] customers for sales activities in domestic and overseas markets."   *See,   e.g.,   Job   Description*,   Samsung   Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited May 14, 2025).   As a further example, Samsung Display represents on its website that, in 2021, it produced 94% of the global market share of foldable OLEDs.   *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

55.     As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego, California.     *See   Global   Network*,   Samsung   Display, https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited May 14, 2025).

56.     Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '976 Patent, as detailed below.

57.     Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more

of the claims of the '976 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

58.     Samsung Display's infringement is continuing.

59.     As one non-limiting example, the Samsung Galaxy Z Fold6 infringes claim 1 of the '976 Patent.   *See* Ex. 7.

a.     The Samsung Galaxy Z Fold6 comprises a display substrate, comprising:

b.     a first display sub-region, the first display sub-region comprising a plurality of first repeating regions, at least one first repeating region of the plurality of first repeating regions comprising a first pixel unit and a second pixel unit disposed adjacently, the first pixel unit comprising a first sub-pixel and a second sub-pixel, the second pixel unit comprising the second sub-pixel and a third sub-pixel; and

c.     a second display sub-region located at at least one side of the first display sub-region, the second display sub-region comprising a plurality of second repeating regions, at least one second repeating region of the plurality of second repeating regions comprising a third pixel unit and a first transparent pixel, the third pixel unit comprising the first sub-pixel, the second sub-pixel and the third sub-pixel, wherein the first transparent pixel is not provided with a light emitting functional layer and allows ambient light to transmit,

d.     wherein a pixel density of the second display sub-region is less than a pixel density of the first display sub-region, and a light transmittance of ambient light of the second display sub- region is greater than a light transmittance of ambient light of the first display sub-region,

e.     wherein the at least one second repeating region is configured to be driven in a manner in which no sub-pixel is borrowed, and in the third pixel unit, the first sub-pixel and the second sub-pixel are arranged along an extending direction of the third sub-pixel, and

16

f.      wherein in each of the at least one second repeating region, along a direction perpendicular to the extending direction of the third sub-pixel, the second sub-pixel and the first sub-pixel of the third pixel unit are located between the first transparent pixel and the third sub-pixel of the third pixel unit.

60.     On information and belief, despite knowing of the '976 Patent, Samsung Display, alone and/or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '976 Patent.    In particular, Samsung Display had knowledge of the '976 Patent since at least May 20, 2025, when the '976 Patent issued, as Samsung Display had knowledge of patent applications and patents to which the '976 Patent claims priority, including CN 201810639832.6, and other related patents, including U.S. Patent Application No. 16/616,522 which matured into U.S. Pat. No. 11,315,469, since at least July 7, 2022; Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '976 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED Displays.    The Infringing OLED Displays are specially designed to contain features that infringe the '976 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than ones that infringe the '976 Patent.

61.     Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '976 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '976 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones).    The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in devices that infringe the '976 Patent.    The Infringing

OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least claim 1 of the '976 Patent.

62.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

63.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

64.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 11,695,017

65.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

66.    The '017 Patent relates to an array substrate, a display panel, and a display device.

67.    On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '017 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

68.    For example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.   For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract[] customers for sales activities in domestic and overseas markets."    *See,    e.g.,    Job    Description*,    Samsung    Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited May 14, 2025).   As

a further example, Samsung Display represents on its website that, in 2021, it produced 94% of the global market share of foldable OLEDs. *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

69.    As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego, California.    *See    Global    Network*,    Samsung    Display, https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited May 14, 2025).

70.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '017 Patent, as detailed below.

71.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more of the claims of the '017 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

72.    Samsung Display's infringement is continuing.

73.    As one non-limiting example, the Samsung Galaxy Z Fold6 infringes claim 1 of the '017 Patent.    *See* Ex. 8.

a.    The Samsung Galaxy Z Fold6 comprises an array substrate having a non-sensing component region and a sensing component region, the sensing component region being transparent, and the array substrate comprising:

i.    a base substrate including a first surface;

      ii.      a plurality of first wirings disposed on the first surface of the base substrate and extending in a first direction, wherein wirings passing through the sensing component region in the plurality of first wirings are selected first wirings, the selected first wirings are divided into at least one group, each group includes at least two adjacent selected first wirings, and selected first wirings in each group are gathered in the sensing component region to form a first gathering portion; and

      iii.      at least one first light-shielding strip disposed above the first surface of the base substrate, wherein an orthographic projection of each first gathering portion on the first surface of the base substrate is within a range of an orthographic projection of a corresponding first light-shielding strip on the first surface of the base substrate.

74.    On information and belief, despite knowing of the '017 Patent, Samsung Display, alone and/or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '017 Patent.   In particular, Samsung Display had knowledge of the '017 Patent since at least July 4, 2023, when the '017 Patent issued, as Samsung Display had knowledge of patent applications and patents to which the '017 Patent claims priority, including CN 201811185860.1, since at least July 7, 2022; Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '017 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED Displays.   The Infringing OLED Displays are specially designed to contain features that infringe the '017 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than ones that infringe the '017 Patent.

75.    Moreover, on information and belief, despite knowing of the '017 Patent, Samsung Display, alone and/or in collaboration with its affiliates, has contributorily infringed and continues

to contributorily infringe the '017 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones). The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in devices that infringe the '017 Patent.    The Infringing OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least claim 1 of the '017 Patent.

76.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

77.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

78.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefor BOE requests the following relief:

a)     Damages adequate to compensate BOE for Samsung Display's infringement, including all compensatory damages, lost profits, or a reasonable royalty;

b)     Pre- and post-judgement interest and costs to BOE;

c)     Treble damages for willful infringement pursuant to 35 U.S.C. § 284.

d)     Reasonable attorneys' fees under 35 U.S.C. § 285 or as otherwise permitted by law;

e)     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 27, 2025

*/s/ Eric H. Findlay*
Eric H. Findlay
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave, Ste B
Tyler, Texas 75703
T: +1 903 534 1100

Xiang Wang
xiangwang@orrick.com
Richard Martinelli
rmartinelli@orrick.com
Angela Colt
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St
New York, NY 10019
T: +1 212 506 5000

Bas de Blank
basdeblank@orrick.com
Jason Yu
jasonyu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd
Menlo Park, CA 94025
T: +1 650 614 7400

Michael Chow
mchow@orrick.com
Jake O'Neal
jake.oneal@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S Grand Ave, Ste 2700
Los Angeles, CA 90071
T: +1 213 629 2020

***Attorneys for Plaintiffs***
BOE Technology Group Co., Ltd.
Chengdu BOE Optoelectronics Technology Co.,
Ltd.